## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
## NORTHEASTERN DIVISION AT KNOXVILLE

|                                              |     |                        |
|----------------------------------------------|-----|------------------------|
| DWAYNE HOWELL,                               | )   |                        |
|                                              | )   |                        |
|   Plaintiff,                                 | )   |                        |
|                                              | )   |                        |
| v.                                           | )   | No. 3:23-cv-00144-TRM-JEM |
|                                              | )   |                        |
| TOWN OF OLIVER SPRINGS, CHIEF                | )   |                        |
| DAVID LAXTON and ASSISTANT                   | )   |                        |
| CHIEF RYAN WILLIAMS,                         | )   |                        |
|                                              | )   |                        |
|   Defendants.                                | )   |                        |

## ANSWER OF DEFENDANTS TOWN OF OLIVER SPRINGS AND
## CHIEF DAVID LAXTON

Defendants Town of Oliver Springs (hereinafter "Town") and Chief Laxton hereby appear, by and through counsel, and submit this Answer to the Complaint filed against them. These Defendants deny Chief Laxton is a properly named party and deny the claims raised against them in the Complaint. They now respond to the Plaintiff's lawsuit as follows:

1.      These Defendants lack sufficient knowledge and information to formulate a belief as to the truth of the matters asserted in Paragraph 1 of the Complaint, therefore, the allegations in Paragraph 1 of the Complaint are denied and strict proof is required thereof.

2.      Admitted.

3.      These Defendants admit that Chief Laxton is the Chief of Police for the Oliver Springs Police Department and admit that he was the Chief of Police on April 27, 2022. These Defendants admit that at all times relevant Chief Laxton supervised subordinate officers under his command. These Defendants admit that since he has been the Police Chief, Chief Laxton has had authority to order investigations. These Defendants deny Chief Laxton has the authority to establish policies and procedures for the Police Department or permanently hire officers. These

Defendants admit that at all times relevant Chief Laxton acted under color of law and deny he is properly named as a defendant in his individual capacity. These Defendants admit that Chief Laxton requires training of Oliver Springs police officers and requires that each meet the annual mandatory requirements of P.O.S.T. in the State of Tennessee, including Williams. These Defendants deny that the claims raised against Chief Laxton in his individual capacity state a claim upon which relief may be granted, affirmatively maintain that Chief Laxton is immune from suit pursuant to both qualified immunity and the Tennessee Governmental Tort Liability Act and maintain that upon the dismissal of Chief Laxton in this case he is entitled to an award of costs and fees including, but not limited to, attorney's fees, pursuant to Tenn. Code Ann. § 29-20-113. The remaining allegations and claims in Paragraph 3 of the Complaint require these Defendants to interpret, admit, formulate and create legal conclusions, therefore, the remaining allegations not otherwise responded to in this Answer fail to state a claim upon which relief may be granted against these Defendants and are denied.

4. These Defendants admit only that Defendant Williams has been a duly appointed officer working for the Town as a police officer. The remaining allegations in Paragraph 4 of the Complaint are legal conclusions, do not relate to these Defendants, fail to state a claim upon which relief may be granted against these Defendants, and are in violation of Rule 8 of the Federal Rules of Civil Procedure. Should the Plaintiff argue he has raised a claim against these Defendants in Paragraph 4, then it is denied.

5. These Defendants do not raise an objection to the jurisdiction of this Honorable Court based on the federal claims raised against Ryan Williams. These Defendants submit that as the Complaint does not raise any federal claims against them, in the event the Court denies or dismisses the Plaintiff's federal claims raised against Defendant Williams, then the Court should

not exercise pendent jurisdiction and should remand any and all remaining state claims to state court.

6.     No objection is raised as to the venue of this Honorable Court given the current issues that have been raised by the Plaintiff against Defendant Williams.

7.     Denied. Further, Defendant Laxton now affirmatively submits that Tenn. Code Ann. § 29-20-113 applies in this cause. He affirmatively maintains that upon the dismissal of the claims raised against him by the Plaintiff in his individual capacity, he is entitled to costs and attorney's fees from the Plaintiff.

8.     These Defendants deny the Plaintiff has raised any Tennessee common law claims against them. To the extent the Plaintiff may argue otherwise, then these Defendants respectfully submit that such claims fail to state a claim upon which relief may be granted and, further, that this Honorable Court should not exercise pendent jurisdiction over any surviving state law claims in the event the federal claims are dismissed.

9.     These Defendants admit that on April 27, 2022 the Plaintiff's son, L.H., committed a premeditated, heinous and cowardly attack on Defendant Williams' son that resulted in serious bodily injury at the Clinton Middle School where they were enrolled as students.

10.     The allegations in Paragraph 10 of the Plaintiff's Complaint are outside the course, scope and knowledge of these Defendants. As these Defendants lack sufficient knowledge and information to formulate a belief as to the truth of the matters asserted in Paragraph 10 of the Complaint, said claim or claims are denied and strict proof is required thereof.

11.     Admitted.

Case 3:23-cv-00144-TRM-JEM   Document 12   Filed 05/30/23   Page 3 of 23   PageID #: 136

12.     The allegations in Paragraph 12 of the Plaintiff's Complaint fail to state a claim upon which relief may be granted against these Defendants, therefore, no answer is warranted and none is given.

13.     These Defendants admit that after L.H. committed a felony assault on Defendant Williams' son, the Plaintiff was summoned to the Middle School where he, prior to allowing an investigation by law enforcement to commence regarding L.H.'s cowardly attack, attempted to leave with the perpetrator of the assault, L.H. The remaining allegations in Paragraph 13 of the Plaintiff's Complaint are outside the course, scope and knowledge of these Defendants. As these Defendants lack sufficient knowledge and information to formulate a belief as to the truth of the matters asserted in Paragraph 13 of the Complaint, said claim or claims are denied and strict proof is required thereof.

14.     The allegations in Paragraph 14 of the Plaintiff's Complaint are outside the course, scope and knowledge of these Defendants. As these Defendants lack sufficient knowledge and information to formulate a belief as to the truth of the matters asserted in Paragraph 14 of the Complaint, said claim or claims are denied and strict proof is required thereof.

15.     These Defendants admit that the Plaintiff attempted to remove L.H. from the scene of the crime he committed and drive away despite the fact that probable cause had been established to believe L.H. committed a felony assault with serious bodily injury. These Defendants admit these actions occurred prior to a law enforcement investigation of said crime.

16.     These Defendants admit the Plaintiff stopped his vehicle and Defendant Williams was behind him when this occurred. These Defendants admit Williams was in a white vehicle assigned to him by the Oliver Springs Police Department. These Defendants lack sufficient

4

knowledge and information to formulate a belief as to the truth of the matters asserted in Paragraph 16 of the Complaint, therefore said claim or claims are denied and strict proof is required thereof.

17.     These Defendants admit only that the City of Clinton is outside the town limits of Oliver Springs. Based on these Defendants' understanding of the nature of the premeditated assault with serious bodily injury committed by L.H., probable cause existed to make an arrest for a felony assault. The remaining allegations regarding jurisdiction of Paragraph 17, require these Defendants to formulate legal conclusions, fail to state a claim upon which relief may be granted against these Defendants, and are denied as written and strict proof is required thereof.

18.     These Defendants admit the Plaintiff was attempting to leave the scene of the felony assault with his son when he stopped his vehicle. These Defendants deny the Plaintiff was stopped due to a traffic violation as is alluded to in Paragraph 18 of the Complaint. The remaining allegations in Paragraph 18 of the Plaintiff's Complaint are outside the course, scope and knowledge of these Defendants. As these Defendants lack sufficient knowledge and information to formulate a belief as to the truth of the remaining matters asserted in Paragraph 18 of the Complaint, said claim or claims are denied and strict proof is required thereof.

19.     The allegations in Paragraph 19 of the Plaintiff's Complaint are outside the course, scope and knowledge of these Defendants. As these Defendants lack sufficient knowledge and information to formulate a belief as to the truth of the matters asserted in Paragraph 19 of the Complaint, said claim or claims are denied and strict proof is required thereof.

20.     The allegations in Paragraph 20 of the Plaintiff's Complaint are outside the course, scope and knowledge of these Defendants. As these Defendants lack sufficient knowledge and information to formulate a belief as to the truth of the matters asserted in Paragraph 20 of the Complaint, said claim or claims are denied and strict proof is required thereof.

21. The allegation in Paragraph 21 of the Plaintiff's Complaint regarding what the Plaintiff's belief was is outside the course, scope and knowledge of these Defendants. As these Defendants lack sufficient knowledge and information to formulate a belief as to the truth of that matter, it is denied and strict proof is required thereof. It is denied that the Plaintiff assumed he stopped his vehicle for a routine traffic stop.

22. The allegations in Paragraph 22 of the Plaintiff's Complaint are outside the course, scope and knowledge of these Defendants. As these Defendants lack sufficient knowledge and information to formulate a belief as to the truth of the matters asserted in Paragraph 22 of the Complaint, said claim or claims are denied and strict proof is required thereof.

23. The allegations in Paragraph 23 of the Plaintiff's Complaint are outside the course, scope and knowledge of these Defendants. As these Defendants lack sufficient knowledge and information to formulate a belief as to the truth of the matters asserted in Paragraph 23 of the Complaint, said claim or claims are denied and strict proof is required thereof.

24. The allegations in Paragraph 24 of the Plaintiff's Complaint related to the Plaintiff's belief and interpretation of Chief Williams' demeanor are outside the course, scope and knowledge of these Defendants. As these Defendants lack sufficient knowledge and information to formulate a belief as to the truth of the Plaintiff's interpretations, this is denied and strict proof is required thereof. These Defendants deny the Plaintiff was nervous or fearful for his or his son's safety.

25. The allegations in Paragraph 25 of the Plaintiff's Complaint are outside the course, scope and knowledge of these Defendants. As these Defendants lack sufficient knowledge and information to formulate a belief as to the truth of the matters asserted in Paragraph 25 of the Complaint, said claim or claims are denied and strict proof is required thereof.

6

26.     These Defendants admit the Plaintiff never believed he stopped his vehicle due to his committing a traffic violation, and admit no traffic citation was issued to the Plaintiff.

27.     These Defendants admit the Plaintiff called 911 prior to his arrival back at the middle school, admit he disregarded the dispatcher's instructions to go to the police department and admit he chose to go to the middle school instead. As these Defendants lack sufficient knowledge and information to formulate a belief as to the truth of the remaining allegations in Paragraph 27, they are denied.

28.     The allegations in Paragraph 28 of the Plaintiff's Complaint are admitted.

29.     The allegations in Paragraph 29 of the Plaintiff's Complaint are outside the course, scope and knowledge of these Defendants. As these Defendants lack sufficient knowledge and information to formulate a belief as to the truth of the matters asserted in Paragraph 29 of the Complaint, said claim or claims are denied and strict proof is required thereof.

30.     The allegations in Paragraph 30 of the Plaintiff's Complaint are outside the course, scope and knowledge of these Defendants. As these Defendants lack sufficient knowledge and information to formulate a belief as to the truth of the matters asserted in Paragraph 30 of the Complaint, said claim or claims are denied and strict proof is required thereof. These Defendants do admit that at some point the Plaintiff went to the Clinton Police Department and filed a complaint, which these Defendants first became aware of on May 26, 2022 when the Plaintiff provided a copy to Chief Laxton.

31.     These Defendants admit only that the Clinton Police Department was instructed by the Anderson County District Attorney to investigate a complaint submitted by the Plaintiff to the Clinton Police Department. These Defendants further admit that incorrect assumptions and opinions were formulated by detectives based on hearsay, unsubstantiated third-party

communications and complete miscommunications, admit that those unsubstantiated and miscommunications were placed in written form by at least one Clinton Police Department employee, and admit that no charges were filed against Defendant Williams as a result of that investigation. These Defendants deny that the report referenced by the Plaintiff in the Complaint as Exhibit 1 was official, binding, of merit, or complete and deny that it has any bearing on this matter or the claims raised against these Defendants and move that it be struck from the record.

32.     These Defendants object to the documents attached cumulatively as Exhibit 1 on multiple grounds, including hearsay, a lack of completeness, context and clarity, it merely offers opinions without consideration of all the relevant facts in this matter, it presumes facts not in evidence, it violates Federal Rules of Civil Procedure 8(a)(2) and, as such, it should be stricken from the Complaint and record. These Defendants now so move to strike Exhibit 1 from the record. As such, the allegation in Paragraph 32 of the Complaint is denied.

33.     Denied.

34.     These Defendants admit only that Mr. Howell came to the Oliver Springs Police Department on May 26, 2022 where he and Chief Laxton spoke briefly. It is denied Mr. Howell recounted the entire incident alleged in the Complaint during that short discussion. It is admitted that he told Chief Laxton he had previously filed a complaint against Defendant Williams with the City of Clinton Police Department and he gave a copy of that complaint to Chief Laxton. It is admitted that up to that point the Plaintiff filing a complaint with the Clinton Police Department was unknown to Chief Laxton.

35.     These Defendants admit only that during the course of Chief Laxton's statements to Mr. Howell during the brief discussion he did correctly note "Everything is up to interpretation."

It is denied that specific phrase is all that Chief Laxton said as is implied in Paragraph 35 of the Complaint. As such, the allegations in Paragraph 35 of the Complaint are denied.

36.     The allegations in Paragraph 36 of the Plaintiff's Complaint are outside the course, scope and knowledge of these Defendants. As these Defendants lack sufficient knowledge and information to formulate a belief as to the truth of the matters asserted in Paragraph 36 of the Complaint, said claim or claims are denied and strict proof is required thereof.

37.     The allegations in Paragraph 37 of the Plaintiff's Complaint are outside the course, scope and knowledge of these Defendants. As these Defendants lack sufficient knowledge and information to formulate a belief as to the truth of the matters asserted in Paragraph 37 of the Complaint, said claim or claims are denied and strict proof is required thereof.

38.     The allegations in Paragraph 38 of the Plaintiff's Complaint are outside the course, scope and knowledge of these Defendants. As these Defendants lack sufficient knowledge and information to formulate a belief as to the truth of the matters asserted in Paragraph 38 of the Complaint, said claim or claims are denied and strict proof is required thereof. It is admitted that Lt. Bailey did speak with Chief Laxton, requested materials from him and received those materials.

39.     The allegations in Paragraph 39 of the Plaintiff's Complaint are outside the course, scope and knowledge of these Defendants. As these Defendants lack sufficient knowledge and information to formulate a belief as to the truth of the matters asserted in Paragraph 39 of the Complaint, said claim or claims are denied and strict proof is required thereof.

40.     The allegations in Paragraph 40 of the Plaintiff's Complaint are outside the course, scope and knowledge of these Defendants. As these Defendants lack sufficient knowledge and information to formulate a belief as to the truth of the matters asserted in Paragraph 40 of the Complaint, said claim or claims are denied and strict proof is required thereof.

9

41.     These Defendants deny that L.H., the perpetrator of a cowardly and premeditated assault so severe that it caused serious bodily injuries, was "free to leave" the school as the same is asserted in Paragraph 41 of the Complaint. The remaining allegations in Paragraph 41 of the Plaintiff's Complaint referring to what the School Resource Officer said or did not say to the Plaintiff or Defendant Williams are outside the course, scope and knowledge of these Defendants. As these Defendants lack sufficient knowledge and information to formulate a belief as to the truth of the matters asserted in Paragraph 41 of the Complaint, said claim or claims are denied and strict proof is required thereof.

42.     These Defendants admit that a subpoena *duces tecum* requesting various documents or records was issued on August 4, 2022 to the Custodian of Records, Chief David Laxton and those materials were promptly provided.

43.     The allegations in paragraph 43 of the Plaintiff's Complaint assumes facts not in evidence and is therefore denied as written. These Defendants acknowledge that a subpoena *duces tecum* was submitted to the Custodian of Records, Chief David Laxton. These Defendants deny the Plaintiff ever filed a complaint with the Oliver Springs Police Department and admit that because there was never a complaint filed with Oliver Springs there was never a complaint for administrators with Oliver Springs to review or dismiss. Rather, Mr. Howell filed his complaint with the Clinton Police Department. It is admitted only that the Plaintiff brought a copy of the complaint he filed with the Clinton Police Department to the Oliver Springs Police Department, for the first time, on May 26, 2022.

44.     The allegations in paragraph 44 of the Plaintiff's Complaint assumes facts not in evidence and is denied. It is admitted that Chief Laxton truthfully advised Lt. Bailey that on May 26, 2022 he found out for the first time that Mr. Howell had filed a complaint with the Clinton

10

Police Department that was being investigated by the Clinton Police Department. It is denied the Plaintiff ever filed a complaint with the Oliver Springs Police Department and it is denied Chief Laxton stated that the first time he heard Williams had an interaction with the Plaintiff was on May 26, 2022.

45.     These Defendants admit that Chief Laxton told Lt. Bailey he spoke with Asst. Chief Williams on the same day Mr. Howell's son, L.H., brutally attacked and committed actions that arose to the level of felony assault on Williams' son and that during that same discussion Williams advised Chief Laxton of his interaction with the Plaintiff.

46.     These Defendants admit Mr. Howell's son, L.H., had brutally attacked and caused serious bodily injury Mr. Williams' son, admit that probable cause existed to suspect L.H. committed a felony assault and admit that the suspect of that felony assault, L.H., was attempting to flee the scene of the incident with the aid of the Plaintiff. It is further admitted that despite all of the circumstances that existed establishing probable cause to suspect a felony assault had occurred, law enforcement had not been notified prior to Defendant Williams being contacted by his son. Asst. Chief Williams advised Chief Laxton of the steps he took in his role as a law enforcement official related to the felony assault and the perpetrator's attempt to flee with the aid of the Plaintiff as is claimed, in part, in Paragraph 46 of the Complaint.

47.     In response to Paragraph 47 of the Complaint, these Defendants deny that the "Clinton Police Department" found, determined, or proposed anything at all. These Defendants admit only that a single individual employed by the Clinton Police Department authored a one-sided version of opinions and legal conclusions based on hearsay, each of which were discounted and denied by the District Attorney as evidenced by his refusal to take the matter to the Anderson County Grand Jury. It is further admitted by these Defendants that such a decision made by the

11

District Attorney was based, in part, on the fact that the District Attorney's office had advised Asst. Chief Williams, prior to the incident on April 27, 2022 and under a previous factual scenario occurring outside of Oliver Springs city limits, that Williams' act of arresting a suspect outside the jurisdictional limits of the Town of Oliver Springs was lawful.

48. These Defendants deny any act on their part constituted negligence as it relates to the allegations raised in the Complaint. These Defendants admit that the District Attorney sent Chief Laxton a letter containing his own opinions that were based on miscommunications and multiple counts of hearsay. These Defendants deny he sent a letter dated March 3, 2023 as is asserted in the Complaint.

49. These Defendants submit the letter attached as Exhibit 2 is objectionable and objected to on multiple grounds, including hearsay, lack of context and clarity, it fails to consider all the relevant facts in this matter, it is in violation of Federal Rules of Civil Procedure 8(a)(2) and, as such, it should be stricken from the Complaint and record. These Defendants now so move to strike Exhibit 2. These Defendants reject and deny the premise of this paragraph insofar as it assumes inaccurate information. Further, the allegations in Paragraph 49 of the Plaintiff's Complaint fail to state a claim upon which relief may be granted against these Defendants. These Defendants admit only that the Plaintiff has attached an Exhibit 2 to his Complaint, but deny it was dated March 3, 2023 as the same is alleged in Paragraph 48 of the Complaint. The remaining portions of Paragraph 49 of the Complaint are denied.

50. These Defendants acknowledge only that the hearsay letter submitted by District Attorney Clark, that relies entirely on inadmissible hearsay, was based on incomplete and incorrect information provided to him, they further acknowledge that letter is purely based on one person's opinions, and acknowledge the letter says what it says and means what it means based on said

12

hearsay and incomplete information. These Defendants reject and deny the premise of this paragraph insofar as it assumes inaccurate information. The Plaintiff has elected to take portions of the letter out of context as opposed to referencing the letter in its totality with context. As such, objection is raised as to the piecemeal fashion in which the Plaintiff has elected to refer to the letter from DA Clark. Further, Paragraph 50 of the Complaint fails to state a claim upon which relief can be granted against these Defendants.

51. These Defendants acknowledge only that the hearsay letter submitted by District Attorney Clark, that relies entirely on inadmissible hearsay, was based on incomplete and incorrect information provided to him, they further acknowledge that letter is purely based on one person's opinions, and acknowledge the letter says what it says and means what it means based on said hearsay and incomplete information. These Defendants reject and deny the premise of this paragraph insofar as it assumes inaccurate information. The Plaintiff has elected to take portions of the letter out of context as opposed to referencing the letter in its totality with context. As such, objection is raised as to the piecemeal fashion in which the Plaintiff has elected to refer to the letter from DA Clark. Further, Paragraph 51 of the Complaint fails to state a claim upon which relief can be granted against these Defendants.

52. Paragraph 52 of the Complaint fails to state a claim upon which relief can be granted against these Defendants These Defendants submit the letter attached as Exhibit 2 is objectionable and objected to on multiple grounds, including hearsay, lack of context and clarity, it contains an acknowledgement that it is merely an opinion, it fails to consider all the relevant facts in this matter, it is in violation of Federal Rules of Civil Procedure 8(a)(2) and, as such, it should be stricken from the Complaint and record. These Defendants acknowledge only that the letter submitted by District Attorney Clark says what it says and means what it means, but maintain

that it lacks contexts and is an opinion based on inaccurate information. The Plaintiff has elected to take portions of the letter out of context as opposed to referencing the letter in its totality with context. As such, objection is raised as to the piecemeal fashion in which the Plaintiff has elected to refer to the letter from DA Clark. These Defendants reject and deny the premise of this paragraph insofar as it assumes inaccurate information and facts not in evidence. As such, this claim is denied.

53.     The allegations in Paragraph 53 of the Complaint assumes facts not in evidence and is based on conclusory legal speculation. As such, denied.

54.     The allegations in Paragraph 54 of the Plaintiff's Complaint do not relate to these Defendants, therefore, no answer is warranted and none is given. Should the Plaintiff argue otherwise, then any claims the Plaintiff maintains he has raised against these Defendants in Paragraph 54 of the Complaint are denied.

55.     Denied.

56.     Denied. Further, these Defendants now move to strike the irrelevant and inadmissible Exhibit 3 to the Complaint from the Complaint and record.

57.     Denied. Further, these Defendants now move to strike the irrelevant and inadmissible Exhibit 3 to the Complaint from the Complaint and record.

58.     Denied.

59.     The allegations in Paragraph 59 of the Plaintiff's Complaint do not relate to these Defendants, therefore, no answer is warranted and none is given. Should the Plaintiff argue otherwise, then any claims the Plaintiff maintains he has raised against these Defendants in Paragraph 59 of the Complaint are denied.

60.     The allegations in Paragraph 60 of the Plaintiff's Complaint do not relate to these Defendants, therefore, no answer is warranted and none is given. Should the Plaintiff argue

otherwise, then any claims the Plaintiff maintains he has raised against these Defendants in Paragraph 60 of the Complaint are denied. These Defendants submit the letter attached as Exhibit 4 is objectionable and objected to on multiple grounds, including hearsay, lack of context and clarity, it fails to consider all the relevant facts in this matter, it is in violation of Federal Rules of Civil Procedure 8(a)(2) and, as such, it should be stricken from the Complaint and record. As such, these Defendants now so move to strike Exhibit 4. These Defendants reject and deny the premise of this paragraph insofar as it assumes inaccurate information. Further, the allegations in Paragraph 60 of the Plaintiff's Complaint fail to state a claim upon which relief may be granted against these Defendants.

61. The allegations in Paragraph 61 of the Plaintiff's Complaint do not relate to these Defendants, therefore, no answer is warranted and none is given. Should the Plaintiff argue otherwise, then any claims the Plaintiff maintains he has raised against these Defendants in Paragraph 61 of the Complaint are denied. Further, see these Defendants' response to Paragraph 60 of the Complaint.

62. The allegations in Paragraph 62 of the Plaintiff's Complaint do not relate to these Defendants, therefore, no answer is warranted and none is given. Should the Plaintiff argue otherwise, then any claims the Plaintiff maintains he has raised against these Defendants in Paragraph 62 of the Complaint are denied. Further, see these Defendants' response to Paragraph 60 of the Complaint.

63. The allegations in Paragraph 63 of the Plaintiff's Complaint do not relate to these Defendants, therefore, no answer is warranted and none is given. Should the Plaintiff argue otherwise, then any claims the Plaintiff maintains he has raised against these Defendants in

Paragraph 63 of the Complaint are denied. Further, see these Defendants' response to Paragraph 60 of the Complaint.

64.     These Defendants acknowledge any person can be sued by any other person or entity for any purported reason, even on frivolous grounds. These Defendants admit this is especially true for correctional officers who deal with prisoners. Upon information and belief, Williams has not been sued during his career as a law enforcement officer with Oliver Springs. Further, it is the understanding of these Defendants that Asst. Chief Williams has only been served with one prior lawsuit, one that arose from a clerical error and was dismissed. The allegations in Paragraph 64 of the Plaintiff's Complaint fail to state a claim against these Defendants, however, should the Plaintiff argue otherwise, then any claim the Plaintiff maintains he has raised against these Defendants in Paragraph 64 of the Complaint is denied.

65.     The allegation in Paragraph 65 of the Complaint fails to state a claim against these Defendants. Upon information and belief, Asst. Chief Williams was never served with the lawsuit referenced in Paragraph 65. As such, the allegations raised in Paragraph 65 specifically related to Asst. Chief Williams, upon information and belief, are denied.

66.     These Defendants submit Exhibit 5 is objectionable and objected to on multiple grounds, including hearsay, lack of context and clarity, and these Defendants reject and deny the premise of this paragraph insofar as it assumes inaccurate information. As such, it should be stricken from the Complaint and record and these Defendants now so move to strike Exhibit 5 from the Complaint and record. Further, the premise of Paragraph 66 of the Complaint fails to state a claim upon which relief may be granted against these Defendants. Should the Plaintiff argue otherwise, then the assertions and claims are denied.

16

67.     The allegations in Paragraph 67 of the Plaintiff's Complaint do not relate to these Defendants, therefore, no answer is warranted and none is given. Should the Plaintiff argue otherwise, then any claims the Plaintiff maintains he has raised against these Defendants in Paragraph 67 of the Complaint are denied.

68.     These Defendants submit Exhibit 6 is objectionable and objected to on multiple grounds, including hearsay, lack of context and clarity, and these Defendants reject and deny the premise of this paragraph insofar as it assumes inaccurate information. As such, it should be stricken from the Complaint and record and these Defendants now so move to strike Exhibit 6 from the record. Further, the premise of Paragraph 66 of the Complaint fails to state a claim upon which relief may be granted against these Defendants. Should the Plaintiff argue otherwise, then the assertions and claims are denied.

69.     Denied.

70.     These Defendants admit that Ryan Williams was hired to work for the Oliver Springs Police Department. These Defendants deny Chief Laxton hired Ryan Williams. The remaining allegations against these Defendants in Paragraph 70 of the Complaint are denied and strict proof is required thereof.

71.     Denied.

72.     Paragraph 72 of the Complaint fails to state a claim upon which relief may be granted against these Defendants. Further, it is based on a flawed premise, facts not in evidence and the letter referred to by DA Clark formulates opinions based on multiple inadmissible hearsay accounts, without sufficient information and context, and Paragraph 72 is denied. These Defendants deny they negligently trained or failed to train Defendant Williams. The allegations

17

regarding discipline in Paragraph 72 are meritless and baseless, are based on facts not in evidence, are premised on incomplete factual presumptions and are therefore denied.

73.     These Defendants adopt and incorporate herein by reference each and every admission, denial, or otherwise stated answer as the same are set out in Paragraphs 1-72 of the Complaint. Anything not previously admitted or denied is hereby denied as if the same is specifically set out herein.

74.     The allegations in Paragraph 74 of the Plaintiff's Complaint do not relate to these Defendants, therefore, no answer is warranted and none is given. Should the Plaintiff argue otherwise, then any claims the Plaintiff maintains he has raised against these Defendants in Paragraph 74 of the Complaint are denied.

75.     The allegations in Paragraph 75 of the Plaintiff's Complaint do not relate to these Defendants, therefore, no answer is warranted and none is given. Should the Plaintiff argue otherwise, then any claims the Plaintiff maintains he has raised against these Defendants in Paragraph 75 of the Complaint are denied.

76.     Denied.

77.     These Defendants adopt and incorporate herein by reference each and every admission, denial, or otherwise stated answer as the same are set out in Paragraphs 1-76 of the Complaint. Anything not previously admitted or denied is hereby denied as if the same is specifically set out herein.

78.     The allegations in Paragraph 78 of the Plaintiff's Complaint do not relate to these Defendants, therefore, no answer is warranted and none is given. Should the Plaintiff argue otherwise, then any claims the Plaintiff maintains he has raised against these Defendants in Paragraph 78 of the Complaint are denied.

79.    Denied.

80.    Denied.

81.    These Defendants adopt and incorporate herein by reference each and every admission, denial, or otherwise stated answer as the same are set out in Paragraphs 1-81 of the Complaint. Anything not previously admitted or denied is hereby denied as if the same is specifically set out herein.

82.    The allegations in Paragraph 82 of the Plaintiff's Complaint do not relate to these Defendants, therefore, no answer is warranted and none is given. Should the Plaintiff argue otherwise, then any claims the Plaintiff maintains he has raised against these Defendants in Paragraph 82 of the Complaint are denied.

83.    The allegations in Paragraph 83 of the Plaintiff's Complaint do not relate to these Defendants, therefore, no answer is warranted and none is given. Should the Plaintiff argue otherwise, then any claims the Plaintiff maintains he has raised against these Defendants in Paragraph 83 of the Complaint are denied.

84.    Denied.

85.    These Defendants adopt and incorporate herein by reference each and every admission, denial, or otherwise stated answer as the same are set out in Paragraphs 1-84 of the Complaint. Anything not previously admitted or denied is hereby denied as if the same is specifically set out herein.

86.    Paragraph 86 of the Complaint raises legal conclusions and is in violation of Rule 8 of the Federal Rules of Civil Procedure. These Defendants admit that they complied with any reasonable duty owed at all times relevant and that admit they did not violate any duty of care owed the Plaintiff. Any allegations to the contrary are denied and strict proof is required thereof.

87.     These Defendants deny that Chief Laxton hired Asst. Chief Williams to be an Oliver Springs Police Department officer. These Defendants admit that Asst. Chief Williams was hired by the Town of Oliver Springs to be a member of its police department. These Defendants deny that Asst. Chief Williams had a "well-documented history of misconduct" while employed by other law enforcement entities.

88.     These Defendants deny that any mere allegations set out against Williams in a complaint or lawsuit, as the same is asserted in Paragraph 88, have been supported by any finding by any Court, and they deny that the hiring of Asst. Chief Williams to be an employee of the Oliver Springs Police Department was negligent.

89.     These Defendants deny Defendant Williams was improperly or negligently trained.

90.     The allegation in Paragraph 90 of the Complaint that Defendant Williams engaged in unlawful conduct as a result of any training, failure to train or any other negligent action or omission committed by these Defendants is denied and strict proof is required thereof.

91.     These Defendants deny that Defendant Williams was negligently or improperly trained and deny that any training received by Defendant Williams resulted in his committing any unlawful conduct. Anything not previously admitted or denied in response to Paragraph 91 of the Complaint is specifically denied.

92.     These Defendants deny that they acted in a negligent manner at any time relevant as it relates to the training of Asst. Chief Williams either before or after the incident at issue, and strict proof is required in the alternative.

93.     Denied.

94.     With regard to Subparagraph (1) of the Plaintiff's prayer for relief, these Defendants raise no objection as it relates to service of the Complaint on them. With regard to

Subparagraph (2) of the prayer for relief, these Defendants agree that a jury should be impaneled to hear this action and respectfully request that a jury of twelve (12) be impaneled to try this matter. With regard to Subparagraphs (3) – (7) of his prayer for relief, each should be denied as each is unsupported by the evidence in the record.

95.    These Defendants affirmatively raise the defense of modified comparative fault as the same has been adopted by the State of Tennessee. The trier of fact should be allowed to place percentages of fault on Dwayne Howell, who aided the escape of his minor son, L.H., who committed the heinous, cowardly, premeditated and felonious crime of assault on a minor, and as a result of their actions, percentages of fault assigned to them should bar the Plaintiff from recovery. The percentages of fault placed on these individuals should bar and/or mitigate any recovery Mr. Howell can make against these Defendants in this cause. Mr. Howell's son, L.H., in a premeditated and cowardly manner, snuck up behind and without warning brutally beat another minor causing serious bodily harm, which established probable cause to consider him as having committed a felony assault. He was, as such, a fleeing felon when the Plaintiff fled the school with him as a passenger. The Plaintiff attempted to aid L.H. leave the scene, avoid investigation and avoid arrest. In fact, L.H. was arrested, charged and found guilty of his cowardly acts and assault. This action of the Plaintiff directly caused and created the incident at issue and the trier of fact should be allowed to place percentages of fault on each of them that should bar Mr. Howell from making a recovery in this cause. Further, to the extent the Plaintiff maintains he has incurred a loss of dignity, humiliation, and mental anguish, then the trier of fact should be allowed to place percentages of fault on L.H. for causing the same to the Plaintiff due to his cowardly actions on April 27, 2022 that caused mental anguish and humiliation to the Plaintiff who was forced to pick up his son at the Clinton Middle School as a result of his son, L.H.'s, criminal actions.

21

96.     Defendant Laxton, sued in his individual capacity, affirmatively raises the defense of qualified immunity in this cause.

97.     These Defendants affirmatively raise each and every immunity to which they are entitled pursuant to Tenn. Code Ann. § 29-20-101, *et seq.*, commonly known as the Tennessee Governmental Tort Liability Act, and affirmatively maintain that they are each immune from suit as a result of the claims raised against them by the Plaintiff in his lawsuit.

98.     These Defendants affirmatively raise the defense of the Public Duty Doctrine.

99.     These Defendants affirmatively submit that Tenn. Code Ann. § 29-20-113 applies in this cause and maintain that upon the dismissal of Chief Laxton the Plaintiff is required to reimburse him for costs, including, but not limited to, attorney's fees accrued in his defense.

100.     These Defendants respectfully request a jury of twelve (12) be impaneled to try this matter.

101.     Anything in the Complaint not previously admitted or denied in this Answer is hereby denied as if the same is specifically set out herein.

102.     These Defendants respectfully request the right to amend this Answer from time to time as the interests of justice may so require it.

RESPECTFULLY submitted this 30th day of May, 2023.

TOWN OF OLIVER SPRINGS and
CHIEF DAVID LAXTON

By: /s/ Benjamin K. Lauderback
    BENJAMIN K. LAUDERBACK, BPR No. 020855
    WATSON, ROACH, BATSON & LAUDERBACK, P.L.C.
    1500 Riverview Tower, 900 South Gay Street
    P.O. Box 131
    Knoxville, Tennessee  37901-0131

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U. S. mail. Parties may access this filing through the Court's electronic filing system.

| | |
|---|---|
| Matthew A. Grossman | Asst. Chief Ryan Williams |
| Nikol D. Pluess | Oliver Springs Police Department |
| FRANTZ, MCCONNELL & | 701 Main Street |
| SEYMOUR, LLP | Oliver Springs, TN 37840-1715 |
| 550 W. Main Street, Suite 500 | |
| P.O. Box 39 | |
| Knoxville, TN 37902 | |

Dated this 30th day of May, 2023.

/s/ Benjamin K. Lauderback
BENJAMIN K. LAUDERBACK, BPR No. 020855