UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION AT KNOXVILLE

**DWAYNE HOWELL,**

    Plaintiff,

vs.

                                        No: 3:23-CV-00144-TRM-JEM

**TOWN OF OLIVER SPRINGS, CHIEF DAVID LAXTON, and ASSISTANT CHIEF RYAN WILLIAMS,**

    Defendants.

## MOTION TO STRIKE PORTIONS OF DEFENDANT ASSISTANT CHIEF RYAN WILLIAMS' ANSWER

Comes the Plaintiff, Dwayne Howell ("Plaintiff"), by and through counsel and pursuant to Federal Rule of Civil Procedure 12(f), and respectfully moves this Court for an order striking certain portions of Defendant Assistant Chief Ryan Williams' ("Defendant Williams") Answer (the "Answer"). Specifically, Plaintiff requests that this Court strike: 1) Defendant Williams' affirmative defense of comparative fault; and 2) Defendant Williams assertion that pursuant to § 29-12-112, he is entitled to attorneys fees and costs if dismissed from this action. In support of this Motion, Plaintiff would show as follows:

### FACTS

On April 26, 2023, Plaintiff filed the instant lawsuit. [Doc. 1]. In the Complaint, paragraphs 73 through 84 allege, *inter alia*, that Defendant Williams violated 42 U.S.C. § 1983, assaulted Plaintiff, and falsely imprisoned Plaintiff. Compl., ¶¶ 73-84. On May 30, 2023, Defendant Williams filed his Answer to the Complaint. [Doc. 14]. The Answer raises the defense of modified

1

comparative fault, arguing that "the trier of fact should be allowed to place percentages of fault on" Plaintiff for "aid[ing] the escape of his son, L.H., who committed heinous, cowardly, premeditated crime of assault on a minor." Ans., ¶ 95. Further, the Answer asserts that should Defendant Williams be dismissed from this case, Plaintiff must reimburse him for the attorneys fees and costs he incurred pursuant to Tenn. Code Ann. § 29-20-112. Ans., ¶ 99.

## **STANDARD OF REVIEW**

Pursuant to Federal Rule of Civil Procedure 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Sony/ATV Music Pub. LLC v. D.J. Miller Music Dist., Inc.*, No. 3:09-cvc-01098, 2011 U.S. Dist. LEXIS 116158, at *36 (M.D. Tenn. Oct. 7, 2011) (quoting F.R.C.P 12(f)). The decision to strike an affirmative defense is discretionary but may help to "avoid the expenditure of time and money [arising] from litigating spurious issues by dispensing with them early in the case." *Willis v. Phillips*, No. 1:18-CV-142, 2018 U.S. Dist. LEXIS 193677, at *4 (E.D. Tenn. Nov. 14, 2018) (citing *Operating Eng'rs Local 324 Health Care Plan v. G&W Constr. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015)). District courts in this Circuit have reasoned that "motions to strike . . . 'serve a useful purpose by eliminating insufficient defenses and saving the time and expense which would otherwise be spent in litigating issues which would not affect the outcome of the case.'" *Davis v. Trane U.S. Inc.*, 2016 WL 520865, at *1 (E.D. Mich. Feb. 10, 2016) (quoting *United States v. Pretty Products, Inc.*, 780 F. Supp 1488, 1498 (S.D. Ohio 1991)); *S.E.C. v. Thorn*, No. 2:01-CV-290, 2002 U.S. Dist. LEXIS 21510, at *5 (S.D. Ohio Sept. 30, 2002) (a motion to strike is proper "if it aids in eliminating spurious issues before trial, thereby streamlining the litigation.").

Although motions to strike are generally disfavored, motions to strike affirmative defenses "are properly granted when plaintiffs would succeed despite any state of the facts which could be

2

proved in support of the defense." *Mockeridge v. Alcona Cty. by Board of Commissioners*, 599 F.Supp.3d 561, 569 (E.D. Mich. Apr. 19, 2022) (quoting *Hemlock v. Semiconductor Operations, LLC v. SolarWorld Indus. Sachsen GmbH,* 867 F.3d 692, 697 (6th Cir. 2017)). In other words, a motion to strike is appropriate "if the defense is insufficient; that is, if as a matter of law, the defense cannot succeed under any circumstances." *CNB Bancshares, Inc. v. Stonecastle Sec. LLC*, No. 3:09-CV-33, 2012 U.S. Dist. LEXIS 203994, at *3 (E.D. Tenn. Jan. 30, 2012).

## LAW AND ARGUMENT

### I. The affirmative defense of comparative fault is not applicable to 42 U.S.C. § 1983 violations

"[I]t is well settled law that comparative fault is not available under § 1983." *Robertson v. Shelby Cty.*, 2007 U.S. Dist. LEXIS 105036, at *35 (W.D. Tenn. July 13, 2007) (citing *McHugh v. Olympia Entertainment Inc.*, 37 Fed. Appx. 730, 736 n.4 (6th Cir. 2002)). "The protection afforded under § 1983 was not intended to differ from state to state, and federal, not state, common law governs the determination of damages in a § 1983 action." *Nichols v. Knox County*, No. 3:11-CV-417-PLR-HBG, 2016 U.S. Dist. LEXIS 191111, at *4 (E.D. Tenn. June 13, 2016) (quoting *McHugh*, 37 Fed. Appx. at 736, n.4). Application of comparative fault in § 1983 actions "would result in the protection afforded under § 1983 to differ from state to state and would be inconsistent with the underlying policy of deterrence and compensation." *Id.*

Accordingly, with regard to the count alleging Defendant Williams' violated 42 U.S.C. § 1983, "the defense cannot succeed under any circumstances" and should be stricken from the Answer. *CNB Bancshares*, 2012 U.S. Dist. LEXIS at *3.

### II. The affirmative defense of comparative fault is not applicable to intentional torts such as assault and false imprisonment

3

The remaining claims against Defendant Williams are state law claims for the intentional torts of assault and false imprisonment. Compl., ¶ 11. Pursuant to Tennessee law, he negligence of a Plaintiff is not a defense to an intentional tort. *Edwards v. Travelers Ins. of Hartford*, 563 F.2d 105, 113 (6th Cir. 1977) ("[C]ontributory negligence is not a defense to an intentional tort.") (applying Tennessee law); *Turner v. Jordan*, No. 01-A-01-9411-CV-00544, 1995 Tenn. App. LEXIS 576, at *25 (Tenn. Ct. App. Aug. 30, 1995) ("The contributory negligence of a plaintiff has never been a defense to an intentional assault in Tennessee."), *holding affirmed, rev'd on other grounds*, 957 S.W.2d 815 (Tenn. 1997); *Dent v. Holt*, No. 01-A-01-9302-CV-00072, 1994 Tenn. App. 793, at *6 (Tenn. Ct. App. Aug. 17, 1994) ("This reasoning is faulty, however, because this is not a negligence case. It is an action for the intentional tort of assault. The plaintiffs negligence is not a defense."); *State ex rel. Harbin v. Dunn*, 39 Tenn. App. 190, 211, 282 S.W.2d 203, 213 (1943) (That, however, is not available as a defense to these actions. As stated above, the constable's wrongful act constituted a wanton assault. Contributory negligence is not a defense to a suit based on wanton negligence or for an assault.") (applying Tennessee contributory negligence state law).

Plaintiff is unaware of any applicable authority holding that the negligence of a plaintiff may be asserted as an affirmative defense for intentional torts such as assault and false imprisonment. Therefore, comparative fault is not an applicable defense to any of Plaintiff's claims against Defendant Williams and should be stricken from his Answer.

### III. Tenn. Code. Ann. § 29-20-112 does not provide for the recovery of Defendant Williams' attorney's fees and costs should he be dismissed from this action.

The Answer states "Defendant Williams affirmatively submits that Tenn. Code Ann. § 29-20-112 applies in this cause and maintains that upon dismissal of the Defendant Williams as required to reimburse him for cost, including but not limited to attorneys fees accrued in his

4

defense." Ans., ¶ 99. Tenn. Code Ann. § 29-20-112 is entitled "Immunity of local board of education and school officials for activities outside of regularly scheduled school activities on premises of public schools." This statute has no relation to or bearing upon the recovery of attorney's fees and costs. Accordingly, the portion of the Answer related to Tenn. Code Ann. § 29-20-112 is irrelevant and should be stricken.

## CONCLUSION

The affirmative defense of comparative fault does not apply to the claims asserted against Defendant Williams, violation of 42 U.S.C. § 1983 and the intentional torts of assault and false imprisonment. Tenn. Code Ann. § 29-20-112 does not provide for the recovery of attorney's fees and costs, nor does it have any relation to this action. Accordingly, the portions of Defendant Williams' answers pertaining to the affirmative defense of comparative fault and matters pertaining to Tenn. Code Ann. § 29-20-112 should be stricken.

This the 19th day of June, 2023.

/s/ Nikol D. Pluess
Matthew A. Grossman (BPR No. 22107)
Nikol D. Pluess (BPR No. 38605)
**FRANTZ, MCCONNELL & SEYMOUR, LLP**
550 W. Main Street, Suite 500
Knoxville, TN 37902
Email: mgrossman@fmsllp.com
Email: npluess@fmsllp.com
(865) 546-9321
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

       The undersigned hereby certifies that a true and exact copy of the foregoing document has been served this 19th day of June, 2023, upon all counsel or parties as listed below at interest in this cause by delivering a true and exact copy to the offices of said counsel or parties or by placing a copy in the United States mail addressed to said counsel or parties at his/her office, with sufficient postage to carry it to its destination, or by special overnight courier; if the foregoing document has been electronically filed with the Court, this service has been made only upon counsel or parties to whom the Court does not furnish electronic copies of filings.

Charles C. Burks, Jr.
**Justice, Noel, Burks & Ogle**
1816 Clinch Ave.
Knoxville, TN 37916

Benjamin K. Lauderback
**Watson, Roach, Batson & Lauderback, PLC**
900 South Gay Street, Suite 1500
Knoxville, TN 37901

                                            /s/ Nikol D. Pluess_____
                                            Nikol D. Pluess
                                            **FRANTZ, McCONNELL & SEYMOUR, LLP**