UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL J. MOCKERIDGE and
SUSAN J. MOCKERIDGE

                 Plaintiffs,                Case No. 1:21-cv-12896

v.                                      Honorable Thomas L. Ludington
                                        United States District Judge

ALCONA COUNTY,
by its Board of Commissioners, et al.,

                                        Honorable Patricia T. Morris
               Defendants.         United States Magistrate Judge

_____/

**OPINION AND ORDER GRANTING DEFENDANT HARVEY, SCHMIDT, AND
GIBSON'S MOTION TO STAY; AND STAYING PROCEEDINGS PENDING
QUALIFIED IMMUNITY APPEAL**

In September 2023, this Court issued an Opinion and Order addressing numerous

constitutional and common law tort claims against eleven Defendants, all stemming from Plaintiffs

Michael and Susan Mockeridge's installation of mini-cabins on their property in Northern

Michigan. Among other conclusions, this Court found that Defendants Harry Harvey, Kenneth

Gibson, and David Schmidt (the "Government Official Defendants") violated Plaintiffs' Fourth

Amendment rights by warrantlessly entering their property to inspect the mini-cabins in a manner

calculated to avoid detection; and that this conduct violated clearly established Supreme Court and

Sixth Circuit precedent to divest these Government Official Defendants of qualified immunity.

The Government Official Defendants filed a Motion to Stay Proceedings pending their

appeal of this Court's decision denying their qualified immunity. Although Plaintiffs filed a cross-

appeal, they oppose a stay, and seek to certify the Government Official Defendants' appeal as

frivolous. This Court will not do so. Because the Government Official Defendants' appeal is not

futile nor sought solely to delay proceedings, and because a complete stay bolsters judicial

efficiency and economy, the Government Official Defendants' Motion to Stay Proceedings will be granted and the case will be stayed pending the resolution of their appeal and Plaintiffs' cross-appeal.

## I.

## A.

In September 2020, Plaintiffs Michael and Susan Mockeridge decided to install "mini-cabins" on their property in Northern Michigan (the "Skylar Trail Property") to use for hunting and family gatherings. ECF Nos. 79 at PageID.778–79; 83 at PageID.1033. Plaintiffs did not obtain permits before installing their mini-cabins, because they allege they received verbal "preclearance" that no permits were required. *See* ECF No. 140 at PageID.3108.

After the mini-cabins were erected, Plaintiffs allege Defendant Keith Krentz—their neighbor—"utilized his connections to local government officials" and "gathered together several other neighbors to make anonymous complaints to [the District] Health Department No[.] 2 about the Skylar Trail Property" to "sen[d] [Plaintiffs] packing." ECF No. 79 at PageID.780. Four neighbors, including Defendant Krentz, filed complaints with the District Health Department, reporting concerns about sanitation, fire hazards, and Plaintiffs' operation of an unlicensed campground. *See* ECF Nos. 85 at PageID.1263; 85-8 at PageID.1654; 85-10 at PageID.1695.

After the complaints were filed, Defendant Krentz coordinated a meeting with Defendants (1) Harry Harvey, an Alcona County Building Department Building Official; (2) David Schmidt, the Environmental Health Program Coordinator of District Health Department No. 2; and (3) Kenneth Gibson, the Zoning Administrator of Caledonia Township,[1] (collectively, the

---

[1] Defendant Gibson resigned from his position as Caledonia Township Zoning Administrator on June 10, 2021. ECF No. 124 at PageID.2846 n. 4.

"Government Official Defendants") to escort them to Plaintiffs' property to observe the mini-cabins. *See* ECF Nos. 79 at PageID.781–82; 79-13 at PageID.825; 79-36 at PageID.912; 83 at PageID.1036; 85-6 at PageID.1615–16.

On June 2, 2021, Defendant Krentz drove the Government Official Defendants up Plaintiffs' driveway to show them a "campground sign" Plaintiffs installed. ECF No. 85-6 at PageID.1616. But Defendant Krentz then turned around and drove the Government Official Defendants to the property of Curtis Miller, one of Plaintiffs' neighbors and Defendant Krentz's godson. *See* ECF Nos. 79 at PageID.783; 79-36 at PageID.900. Miller's property shares a boundary line with Plaintiffs' property such that Miller's property is immediately north of Plaintiffs'. *See* ECF No. 79 at PageID.783. Importantly, "there is no regular access to [Plaintiffs' property] from this northern side." *Id.* At the time of this site visit, the mini-cabins were unoccupied. *See* ECF No. 83 at PageID.1037.

Defendant Krentz and the Government Official Defendants then physically entered Plaintiffs' property. *See* ECF Nos. 79-29; 79-30; 79-31; 85-9 at PageID.1686; 102 at PageID.2500; 85 at PageID.1264; 85-10 at PageID.1695, 1701. Defendant Harvey looked through the mini-cabins' windows using a small flashlight and observed that each were outfitted with electricity and contained bunk beds. *See* ECF No. 85-8 at PageID.1636, 1655. Defendant Krentz took photos. *See* ECF No. 79 at PageID.783–84. Defendants did not obtain a warrant authorizing this "site visit" and Plaintiffs did not consent. *See* ECF Nos. 23 at PageID.278; 79 at PageID.783; 85 at PageID.1264; 85-10 at PageID.1696; 97 at PageID.2405.

On June 16, 2021, Defendant Schmidt mailed a letter to Plaintiffs on behalf of District Health Department No. 2 informing Plaintiffs of the complaints and the June 2, 2021 site visit. ECF No. 79-18 at PageID.835. The letter classified Plaintiffs' property as a "campground," and

informed Plaintiffs that they were in violation of Section 12506(b)(1) of Part 125 of the Public Health Code, which states that a "person shall not operate a campground without a campground license issued by the department[.]" *See id.* The letter instructed Plaintiffs to begin the licensing process within 30 days. *Id.* at PageID.836.

On July 14, 2021, Defendant Harvey once again visited the Plaintiffs' Property. ECF No. 79 at PageID.786. Plaintiffs' adult son consented to an inspection and Defendant Harvey served a Stop Work Order which alleged that the mini-cabins were in violation of Section R105.1 of "the Building Code," Section R.114.1 of "the Code," and "Article ?, Section ?" of "the Zoning Ordinance." ECF No. 23-5 at PageID.313 (question marks in original). Accordingly, the order stated "IT IS HEREBY ORDERED . . . that all persons, cease, desist from, and STOP WORK at once pertaining to the construction, alterations, or repairs on [the Plaintiffs' Property]. *Id.* (emphasis in original). On July 16, 2021, Defendants later served the Stop Work Order to Plaintiffs by U.S. mail. *See id.* at PageID.312; ECF No. 85 at PageID.1265

On July 30, 2021, Plaintiff Michael Mockeridge applied for the building permits. ECF No. 79 at PageID.788. Soon after, Plaintiffs claim they were called by an Alcona County Building Department representative who stated that the County would issue the permits but would double the price from $1,490 to $2,980 because "work [was] started before permits were purchased." *Id.* Plaintiff Michael Mockeridge "immediately complained to the Alcona County Board of Commissioners and called upon the Board members for help . . . to issue any possible permit with no fees." *Id.*

On August 11, 2021, the Alcona County Board of Commissioners convened a "special meeting to discuss the . . . Skylar Trail Property" without providing notice to Plaintiffs. *Id.* at PageID.789; *see also* ECF No. 23 at PageID.280. At the meeting, Defendant Harvey, who was not

a member of the Alcona County Board of Commissioners, ECF No. 23 at PageID.280, "requested the Board move into a closed session to discuss Building Department matters." ECF Nos. 79 at PageID.789; 79-27 at PageID.866. Immediately upon returning to the open session, the Board approved a motion to "deny the request of [Plaintiff] Michael Mockeridge to waive the building permit fees." ECF No. 79-27 at PageID.866 (emphasis omitted); *see also* ECF No. 79 at PageID.789.

**B.**

On January 21, 2022, Plaintiffs filed their Amended Complaint, ECF No. 23, which contained the following claims:

| Count | Claim | Defendant(s) |
|-------|-------|--------------|
| I | Deprivation of Fourteenth Amendment Procedural Due Process, 42 U.S.C. § 1983 | (1) Alcona County (2) Harry Harvey |
| II | Equitable estoppel / Vested Rights | (1) Alcona County (2) Harry Harvey |
| III | Deprivation of Fourth Amendment Rights, 42 U.S.C. § 1983 | (1) Harry Harvey (2) Kenneth Gibson (3) David Schmidt (4) Alcona County (5) Caledonia Township |
| IV | Michigan Trespass | (1) Harry Harvey (2) Kenneth Gibson (3) David Schmidt (4) Alcona County (5) Caledonia Township (6) Keith Krentz |
| V | Private Party Conspiracy, 42 U.S.C. § 1983 | (1) Keith Krentz |
| VI | Violation of the Michigan Open Meetings Act | (1) Carolyn Brummund (2) Terry Small (3) Dan Gauthier (4) William Thompson (5) Adam Berge |
| VII | Violation of the Michigan Open Meetings Act | (1) Alcona County |

*See* ECF No. 23 at PageID.282–95. On June 27, 2022, Counts VI and VII were dismissed with prejudice based on the Parties' stipulation. ECF No. 65.[2]

In January 2023, the Parties filed the following five motions for summary judgment:

| ECF No. | Motion | Relevant Claims |
|---|---|---|
| 79 | Plaintiffs' Motion for Partial Summary Judgment | (a) Count I—Procedural Due Process<br>(b) Count II—Equitable Estoppel/Vested Rights<br>(c) Count III—Fourth Amendment, as to the Government Official Defendants (Harvey, Gibson, and Schmidt)[3]<br>(d) Count IV—Michigan Trespass[4] |
| 80 | Defendant Krentz's Motion for Partial Summary Judgment | (a) Count V—Private Party § 1983 Conspiracy |
| 83 | Defendant Alcona County's Motion for Summary Judgment | (a) Count I—Procedural Due Process<br>(b) Count II—Equitable Estoppel/Vested Rights<br>(c) Count III—Fourth Amendment<br>(d) Count IV—Michigan Trespass |
| 85 | Defendants Harvey and Schmidt's Motion for Summary Judgment | (a) Count I—Procedural Due Process<br>(b) Count II—Equitable Estoppel/Vested Rights<br>(c) Count III—Fourth Amendment<br>(d) Count IV—Michigan Trespass |
| 86 | Defendants Gibson and Caledonia Township's Motion for Summary Judgment | (a) Count III—Fourth Amendment<br>(b) Count IV—Michigan Trespass |

On March 17, 2023, this Court referred all five summary judgment motions to Magistrate Judge Patricia T. Morris. *See* ECF No. 107. On July 26, 2023, Judge Morris issued a report recommending that Plaintiffs' Motion for Summary Judgment be denied and that all Defendants' Motions for Summary Judgment be granted (the "R&R"). ECF No. 124. On August 9, 2023, Plaintiffs filed twelve Objections to the R&R, ECF No. 126, and Defendants Gibson and Caledonia

---

[2] The Stipulation and Order erroneously states that "Count V and VI of the Amended Complaint . . . will be dismissed with prejudice[.]" *See* ECF No. 65 at PageID.715.

[3] On this claim, Plaintiffs only sought summary judgment as to liability, reserving the issue of damages for trial. ECF No. 79 at PageID.791.

[4] On this claim, as to Defendant Krentz only, Plaintiffs sought summary judgment as to liability, reserving the issue of damages for trial. ECF No. 79 at PageID.794

Township filed one joint Objection to the R&R, ECF No. 127. On September 29, 2023, this Court issued an Opinion and Order (the "Opinion") adopting the R&R in part; sustaining five of Plaintiffs' Objections; and overruling Defendants Gibson and Caledonia Township's Objection. ECF No. 140; *Mockeridge v. Alcona Cnty. by Bd. of Commissioners*, No. 21-12896, 2023 WL 6367687 (E.D. Mich. Sept. 29, 2023), *reconsideration denied*, No. 21-12896, 2023 WL 7993424 (E.D. Mich. Nov. 17, 2023) [hereinafter *Mockeridge*].

This Court dismissed Plaintiffs procedural due process claim (Count I) because Plaintiffs could not show a legitimate property interest in erecting their cabins without a permit. *See generally* ECF No. 140 at PageID.3120–30. Specifically, this Court rejected Plaintiffs' argument that "they have (and have *always* had) the right" to freely install their mini-cabins without a permit under applicable Michigan code, because this argument was untimely and, even if Plaintiffs "somehow impliedly invoked this argument, Plaintiffs [did] not show[] they [were] entitled to summary judgement" because "the question remains whether Plaintiffs, in fact, ever needed a permit." *Id.* at PageID.3122–23. This Court also rejected Plaintiffs' *vested* property right argument because Michigan precedent requires a permit for property rights to vest and it is undisputed Plaintiffs did not have a permit when they began installing their mini-cabins *Id.* at PageID.3124–26. Accordingly, this Court dismissed Count I in its entirety, and granted summary judgment in favor of Defendants.

Regarding Plaintiffs' "Equitable Estoppel / Vested Rights" claim (Count II), this Court noted that "equitable estoppel is not a distinct cognizable legal claim[,]" *id.* at PageID.3128 (collecting cases), and held that the claim failed for the same reasons Plaintiffs' due process "vested rights" argument failed: Michigan precedent requires an actual permit for this *theory* to apply. *Id.* at PageID.3129. And, more importantly, this Court found genuine issues of material fact

concerning (1) whether any Defendant ever told Plaintiffs that no permit was needed and (2) whether Plaintiffs' subsequent reliance on this verbal clearance—if it occurred—was justified. *Id.* at PageID.3130. Accordingly, this Court dismissed Count II in its entirety and granted summary judgment in favor of Defendants.

Turning to Plaintiffs' Fourth Amendment claim (Count III), this Court held that Plaintiffs' mini-cabins fell within the curtilage and were subject to Fourth Amendment protection. *Id.* at PageID.3132–37. This Court further found that the Government Official Defendants (Harvey, Gibson, and Schmidt) unreasonably searched Plaintiffs' mini-cabins during the June 2, 2021 "site visit," depriving Plaintiffs of their Fourth Amendment rights, because the search was effectuated without a warrant or Plaintiffs' consent, and the administrative and "de minimis" exceptions did not apply to render the search reasonable. *Id.* at PageID.3142–48. Having found a Fourth Amendment violation, this Court held that the Government Official Defendants were not entitled to qualified immunity because their actions—entering Plaintiffs' property without a warrant by way of a neighbor's private property for the express purpose of avoiding detection—violated clearly established law. *Id.* at PageID.3148–54 (discussing *Bovat v. Vermont*, 141 S. Ct. 22 (2020) and *Morgan v. Fairfield Cnty.*, 903 F.3d 553, 563 (6th Cir. 2018)). Accordingly, this Court granted summary judgment in favor of Plaintiffs against the Government Official Defendants. ECF No. 140 at PageID.3153, 3178. But this court granted summary judgement in favor of Defendant Alcona County on this claim because Plaintiffs did not show any "official policy" sufficient for *Monell* liability. *Id.* at PageID.3154–57. And Plaintiffs' Fourth Amendment *Monell* claim against Defendant Caledonia Township remains outstanding because Plaintiffs survived the Township's motion for summary judgment by showing a genuine question of fact as to whether the Township trained its officers on key duties implicating constitutional rights. *Id.* at PageID.3157–59.

Turning to Plaintiffs' Michigan Trespass claim (Count IV), Plaintiffs sought an injunction prohibiting Defendants Harvey, Gibson, Schmidt, Alcona County, and Caledonia Township from trespassing onto Plaintiffs' property in the future, conceding that these government Defendants were immune from damages under the Michigan Governmental Tort Liability Act, MICH. COMP. LAWS § 691.1407 *et seq*. ECF No. 140 at PageID.3165. Plaintiffs also sought damages from Defendant Krentz, who was unaffiliated with a government entity, but reserved this issue for trial—seeking summary judgement only as to liability. *Id.* Although this Court found that all Defendants trespassed on Plaintiffs' property on June 2, 2021, and granted summary judgment in favor of Plaintiffs as to Defendant Krentz, *id.* at PageID.3165–69, this Court granted summary judgement to all other Defendants because Plaintiffs lacked standing for their requested injunction. *Id.* at PageID.3170–72.

Lastly, this Court granted summary judgment in favor of Defendant Krentz and dismissed Plaintiffs' private party § 1983 conspiracy claim (Count V) because the record did not reveal any shared conspiratorial objective between Defendant Krentz—a private party—and any of the government Defendants to violate Plaintiffs' rights. *Id.* at PageID.3159–63.

Thus, after this Court's September 2023 Opinion, the only remaining issues were (1) Plaintiffs' Fourth Amendment *Monell* claim against Defendant Caledonia Township; (2) damages from the Government Official Defendants' Fourth Amendment deprivation; and (3) damages from Defendant Krentz's trespass. *Id.* at PageID.3178–39; *see also Mockeridge v. Alcona Cnty. by Bd. of Commissioners*, No. 21-12896, 2023 WL 6367687, at *35 (E.D. Mich. Sept. 29, 2023), *reconsideration denied*, No. 21-12896, 2023 WL 7993424 (E.D. Mich. Nov. 17, 2023).

**C.**

After this Court denied reconsideration, ECF No. 153, the Government Official Defendants (Harvey, Schmidt, and Gibson) filed a joint appeal of this Court's qualified immunity denial,[5] ECF No. 143, and, on November 6, 2023, filed a joint motion to stay pending their appeal. ECF No. 146. Plaintiffs oppose a stay and ask this Court to certify Defendants' appeal as frivolous. ECF No. 149. And, to the extent a stay is granted, Plaintiffs argue it should be limited only to the Government Official Defendants and the appealed issues. *Id.* at PageID.3265–67.

**II.**

"Because qualified immunity is a protection not only from liability, but also from the trial process, a stay of proceedings in the trial court while the appeal is prosecuted is generally required to preserve the rights of state officials." *Gentry v. Wayne County*, No. 10-11714, 2011 WL 13160849, at *1 (E.D. Mich. Oct. 17, 2011); *see also Kennedy v. City of Cleveland*, 797 F.2d 297, 299 (6th Cir. 1986) (recognizing that an appeal from a denial of qualified immunity "oblig[es]" the district court to "refrain from proceeding to trial ... until that issue is decided"). However, a district court may decline to stay a case pending the appeal of a finding that a defendant was not entitled to qualified immunity if the appeal is (1) frivolous; or (2) being sought solely for purposes of delay. *Sexton v. Cernuto*, No. 19-12574, 2021 WL 949541, at *2 (E.D. Mich. Mar. 12, 2021) (citing *Yates v. City of Cleveland*, 941 F.2d 444, 448 (6th Cir. 1991) (recognizing district court's discretion to certify appeal on qualified immunity grounds as frivolous and begin trial) and *Howlett v. City of Warren*, No. 17-11260, 2020 WL 5095521, at *1, *2 n.2 (E.D. Mich. Aug. 28, 2020) (granting stay pending interlocutory appeal of denial of qualified immunity upon finding that the appeal was neither frivolous nor sought for dilatory purposes)); *see also Monson v. Ghougoian,*

---

[5] Plaintiffs filed a cross-appeal. ECF No. 148.

No. 18-10638, 2023 WL 2249958 (E.D. Mich. Feb. 27, 2023) (staying case pending qualified immunity denial appeal analyzing only frivolity and delay); *Miller v. Gettel*, No. 21-CV-10175, 2022 WL 2070385, at \*3 (E.D. Mich. June 8, 2022) (same).

## III.

### A.

The Government Official Defendants' appeal of this Court's qualified immunity denial is not frivolous.

An appeal is "frivolous" only if it is "'obviously without merit,' meaning that the appeal is 'solely a fact-based challenge to plaintiff's evidence and the district court's findings.'" *Id.* (quoting *McDonald v. Flake*, 814 F.3d 804, 816 (6th Cir. 2016)). Solely fact-based challenges are frivolous because a district court's denial of qualified immunity is immediately appealable "only 'to the extent that it turns on an issue of law.'" *Id.* (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985)). And an appeal "turns on an issue of law" when the issue raised "has some legal aspect to it" or when it is not "aimed solely at the district court's determination of the record-supported evidence." *Id.* (quoting *Bunkley v. City of Detroit*, 902 F.3d 552, 560–61 (6th Cir. 2018)).

Here, this Court's conclusion that the Government Official Defendants are not entitled to qualified immunity was based on two *legal* determinations: (1) that their warrantless search of Plaintiffs' mini-cabins violated the Fourth Amendment; and (2) that their search violated clearly established law, namely the Supreme Court's decisions in *Florida v. Jardines*, 59 U.S. 1 (2013) and *Bovat v. Vermont*, 114 S. Ct. 22 (2020)*,* as well as the Sixth Circuit's decision in *Morgan v. Fairfield County*, 903 F.3d 553—all standing for the proposition that officer-defendants cannot "traipse through the garden, meander into the backyard, or take other circuitous detours that veer from the pathway that a visitor would customarily use." True, these determinations rested in part

on this Court's analysis of the factual record. But "[t]he Court's reliance on factual [issues] does not preclude the Sixth Circuit from answering purely legal questions [an] appeal will present." *Sexton v. Cernuto*, No. 19-12574, 2021 WL 949541, at *3 (E.D. Mich. Mar. 12, 2021) (quoting *Gentry v. Wayne Cnty.*, No. 10-11714, 2011 WL 13160849, at *2 (E.D. Mich. Oct. 17, 2011)). Indeed, Plaintiffs concede that the Government Official Defendants' appeal consists of a "pure legal argument." ECF No. 149 at PageID.3264. Accordingly, a stay is not precluded for frivolity.

## B.

Further, nothing suggests that Defendants Harvey, Schmidt, and Gibson appealed this Court's qualified immunity denial *solely* to delay proceedings.

Plaintiffs imply, somewhat cynically, that the Government Official Defendants' appeal is mere "gamesmanship" and "litigation abuse." ECF No. 149 at PageID.3262. Plaintiffs rely on Sixth Circuit precedent which recognized that, in some cases, defendants may tactically appeal qualified immunity denials, in hopes that a subsequent stay will harm plaintiffs as memories fade. *Yates v. City of Cleveland*, 941 F.2d 444, 448 (6th Cir. 1991) (quoting *Apostol v. Gallion*, 870 F.2d 1335, 1338–39 (7th Cir.1989). But this is not one of those cases. In *Yates*—a case cited by Plaintiffs—the Sixth Circuit found "considerable support" for the notion that the defendant was appealing solely for dilatory reasons because he "did not raise the qualified immunity defense until a full *five years* after the filing of the complaint" and raised the issue for the first time on the "eve of trial." *Yates*, 941 F.2d at 449 (emphasis added). The distinction here is clear. Far from the eve of trial, Defendants Harvey, Gibson, and Schmidt raised qualified immunity defenses in their answers filed one month after Plaintiffs' initial complaint, over two years ago. *See* ECF Nos. 19 (Harvey); 20 (Gibson); 21 (Schmidt). They have argued qualified immunity shields them from liability at every turn. *See, e.g.*, ECF Nos. 85 at PageID.1278–79 (Harvey and Schmidt's motion

for summary judgment); 86 at PageID.1791–92 (Gibson's motion for summary judgment); 101 at PageID.2485–89 (Harvey and Schmidt's response to plaintiffs' motion for summary judgment). True, a stay pending the Government Official Defendants' appeal would delay trial. But this delay alone "does not . . . establish that the appeal is sought for dilatory purposes." *Sexton v. Cernuto*, No. 19-12574, 2021 WL 949541, at *3 (E.D. Mich. Mar. 12, 2021).

In sum because Defendant Harvey, Schmidt, and Gibson's appeal of this Court's qualified immunity denial is not frivolous nor sought solely for the purposes of delay, their joint Motion to Stay will be granted.

### C.

The only remaining issue, therefore, is whether the entire case should be stayed as to all Defendants pending the Government Official Defendants' appeal or whether, as Plaintiffs request, the stay should be limited to these three Defendants and the qualified immunity issue on appeal. *See* ECF No. 149 at PageID.3265–66. Under these circumstances, judicial economy favors a complete stay.

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and *divests* the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). But, as to the district court's control over *other* aspects of the case, "it [is] generally understood that a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously." *Id.*; *see also Sexton*, 2021 WL 949541, at *3. And Sixth Circuit caselaw "supports staying all proceedings pending an appeal of a denial of qualified immunity to fewer than all defendants if doing so will foster judicial economy and judicial administration.

*Sexton*, 2021 WL 949541, at *4 (collecting cases); *see also Virgil v. City of Newport*, No. CV 16-224-DLB-EBA, 2021 WL 3172923, at *5 (E.D. Ky. July 27, 2021).

Here, a complete stay is in the interest of judicial economy because the Sixth Circuit's review of the Government Official Defendants' appeal will involve—in addition to this Court's legal conclusion that their conduct violated clearly established law—this Court's separate legal conclusion that their June 2, 2021 search of Plaintiffs' mini-cabins violated the Fourth Amendment in the first instance. *See Pearson v. Callahan*, 555 U.S. 223, 232–36 (2009) (affirming the two prongs of qualified immunity—a violation of the constitution *and* clearly established law—but allowing courts to analyze these prongs in whichever order they choose). And the underlying Fourth Amendment violation this Court found *directly* bears on two of the three issues which remain pending in the above-captioned case—Defendant Caledonia Township's Fourth Amendment *Monell* liability, and any damages Plaintiff may be entitled to on their Fourth Amendment claim against the appealing Government Official Defendants. *See Mockeridge v. Alcona Cnty. by Bd. of Commissioners*, No. 21-12896, 2023 WL 6367687, at *35 (E.D. Mich. Sept. 29, 2023), *reconsideration denied*, No. 21-12896, 2023 WL 7993424 (E.D. Mich. Nov. 17, 2023) (noting the only thee remaining issues in this case). And proceeding on the only issue *not* directly impacted by this Court's finding of an underlying Fourth Amendment violation—damages for Defendant Krentz's trespass—makes little sense as a matter of judicial efficiency and economy. It makes far more sense to stay all proceedings in light of the Government Official Defendants' appeal. *See Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (noting the defense of qualified immunity is "effectively lost" if a case erroneously proceeds to trial and recognizing that the Supreme Court has "repeatedly . . . stressed the importance of resolving immunity questions at the earliest possible stage in litigation" (internal quotations omitted)).

**IV.**

Accordingly, it is **ORDERED** that Defendants Harvey, Schmidt, and Gibson's joint Motion to Stay Proceedings, ECF No. 146, is **GRANTED.**

Further, it is **ORDERED** that the above-captioned case is **STAYED** pending resolution of Defendants Harvey, Schmidt, and Gibson's appeal, and Plaintffs' cross-appeal, *Mockeridge, et al. v. Harvey, et al.*, No. 23-1198 (6th Cir.), or until further order of this Court.

Further, it is **ORDERED** that the Parties are **DIRECTED** to file a joint status report **every 60 days, the first report due March 1, 2024**, that details the status of the appeal.

**This is not a final order and does not close the above-captioned case.**

Dated: February 7, 2024                         s/Thomas L. Ludington
                                                THOMAS L. LUDINGTON
                                                United States District Judge